1
2
3
4
5
6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEIKO KAWAMURA,<br><br>  Plaintiff,<br><br>  v.<br><br>MAMMOTH HOSPITAL, et al.,<br><br>  Defendants. | Case No. 1:25-cv-00789-KES-EPG<br><br>ORDER FOR CLERK OF COURT TO SEAL COMPLAINT, IFP APPLICATION, AND MOTION FOR LEAVE TO USE NAME OF MINOR PLAINTIFF<br><br>(ECF Nos. 1, 2, 3).<br><br>ORDER FOR PLAINTIFF TO FILE REDACTED COPIES OF COMPLAINT, IFP APPLICATION, AND MOTION FOR LEAVE TO USE NAME OF MINOR PLAINTIFF<br><br>(ECF Nos. 1, 2, 3).<br><br>ORDER DENYING MOTION FOR LEAVE TO USE NAME OF MINOR PLAINTIFF WITHOUT PREJUDICE<br><br>(ECF No. 3)<br><br>ORDER TO SHOW CAUSE WHY CLAIMS BROUGHT ON BEHALF OF MINOR PLAINTIFF K.N.B. SHOULD NOT BE DISMISSED FOR LACK OF ATTORNEY<br><br><u>TWENTY-ONE DAY DEADLINE</u> |

Plaintiff Keiko Kawamura is proceeding *pro se* in this civil action filed against Defendants Mammoth Hospital and Northern Inyo Healthcare District, with Plaintiff alleging various causes of actions that generally stem from the medical care provided, or lack thereof, during the birth of her daughter, K.N.B., who is a minor. (*See* ECF No. 1). Plaintiff purports to

1

bring claims on behalf of herself and on behalf of her minor child, K.N.B. (*Id.* at 2). Plaintiff Kawamura has filed this case *pro se*, without an attorney. (ECF No. 1, at 19).

However, Plaintiff may not proceed on behalf of her minor child without having an attorney. In *Johns v. County of San Diego*, the Ninth Circuit held that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." 114 F.3d 874, 877 (9th Cir. 1997). This rule remains the law of the Circuit. *Grizzell v. San Elijo Elementary School* 110 F.4th 1177, 1181 (9th Cir. 2024); *cert. denied sub nom. Grizzell v. San Elijo Elementary*, No. 24-812, 2025 WL 1426678 (U.S. May 19, 2025) ("Our panel, however, is bound by *Johns*, which holds that a parent may not proceed *pro se* on her children's behalf.").

Thus, the Court will order Plaintiff to show cause why Plaintiff's claims on behalf of her minor daughter should not be dismissed because K.N.B. is not represented by a lawyer.

Additionally, Federal Rule of Civil Procedure 5.2(a)(3) requires, "[u]nless the court orders otherwise," that only a minor's initials be used in court filings. Additionally, Rule 5.2(h) provides that "[a] person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal." Here, Plaintiff has filed various documents since initiating this case, including the complaint, *in forma pauperis* (IFP) application, and motion for leave to use name of minor Plaintiff, that all identify K.N.B. by her full name in violation of this rule. (ECF Nos. 1, 2, 3).

Although Plaintiff has filed a motion for leave to use the name of minor Plaintiff, the Court cannot grant that motion because, as explained above, Plaintiff cannot represent her minor daughter without a lawyer. Thus, Plaintiff cannot authorize K.N.B.'s full name contrary to the standard redaction protections of Rule 5.2(a)(3).

Accordingly, the Court will order the Clerk of Court to seal these filings, set a deadline for Plaintiff to file redacted copies, and deny the motion for leave to use name of minor Plaintiff without prejudice to the motion being refiled if counsel is obtained for K.N.B.

Accordingly, IT IS ORDERED as follows:

1. The Clerk of Court shall seal the complaint, IFP application, and motion for leave to use name of minor Plaintiff. (ECF Nos. 1, 2, 3).
2. Plaintiff shall file redacted copies of the complaint, IFP application, and motion for leave

to use name of minor Plaintiff within 21 days from the entry of this order. (ECF Nos. 1, 2, 3).

3. Plaintiff's motion for leave to use name of minor Plaintiff is denied without prejudice to refiling of the motion should counsel appear on behalf of K.N.B. (ECF No. 3).

4. Plaintiff shall file a written response to this order within 21 days of its entry showing cause why the claims of minor K.N.B. should not be dismissed without prejudice because Plaintiff has no authority to represent K.N.B. Alternatively, if counsel enters an appearance on behalf of K.N.B. in this time period, the Court will vacate the order to show cause.

5. Failure to comply with this order may result in the dismissal of the claims brought on behalf of K.N.B., or all claims.

IT IS SO ORDERED.

Dated: **July 11, 2025**                     /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE