Keiko Kawamura
3183 Wilshire Blvd.
Suite 196 Unit C21
Los Angeles, CA 90010
(213) 859-6190
Plaintiff in Pro Per

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

Case No. 1:25-cv-00789-KES-EPG

**KEIKO KAWAMURA**, an individual

*Plaintiff,*

v.

**MAMMOTH HOSPITAL**, a public healthcare entity; **NORTHERN INYO HEALTHCARE DISTRICT**, a public healthcare entity; **TOM PARKER**, an individual; **DR. KYLE PATRICK HOWELL, M.D.**, an individual; **DR. MARTHA B. KIM, M.D.**, an individual; **DR. ANNE E. GASIOR, M.D.**, an individual; **MAYA MALGORZATA EISMONT, R.N.**, an individual; **PATTY DICKSON,** an individual; and **DOES 1–10**, inclusive

*Defendants.*

**LEAVE TO PROCEED UNDER PSEUDONYM;**
**LEAVE TO FILE SECOND AMENDED COMPLAINT; AND**
**LIMITED EXTENSION OF TIME TO RESPOND TO SCREENING ORDER**
**(Pursuant to Fed. R. Civ. P. 6(b)(1), 10(a), and 15(a))**

Plaintiff Keiko Kawamura, appearing pro se, respectfully moves this Court for leave to proceed under a pseudonym, for leave to file a Second Amended Complaint, and for a limited adjustment of the current deadline set in the Court's January 30, 2026 Minute Order. This request is made pursuant to Federal Rules of Civil Procedure 6(b)(1), 10(a), and 15(a)

### I. PROCEDURAL BACKGROUND

On December 2, 2025, the Court issued a Screening Order directing Plaintiff to take one of the following actions within thirty (30) days:

    1.    Notify the Court that she wishes to proceed solely on her EMTALA claims against Defendant Mammoth Hospital;

    2.    File a Second Amended Complaint; or

    3.    Notify the Court that she intends to stand on her First Amended Complaint.

The Screening Order was signed by Magistrate Judge Erica P. Grosjean on December 2, 2025.

On December 26, 2025, Plaintiff filed a Motion for Extension of Time to respond to the Screening Order.

On January 30, 2026, the Court issued a Minute Order granting Plaintiff's second request for an extension of time and ordering that Plaintiff respond to the Screening Order no later than March 2, 2026.

### II. CURRENT STATUS AND REQUEST

Plaintiff intends to file a motion for leave to proceed under a pseudonym and to amend the complaint accordingly.

If the Court grants leave for Plaintiff to proceed under a pseudonym, Plaintiff will file a Second Amended Complaint reflecting the change. The Second Amended Complaint will also expressly plead diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), as the matter in controversy exceeds

$75,000, exclusive of interest and costs, and Plaintiff was not domiciled in the State of California at the time the action was commenced or at the time of incident. Plaintiff will provide additional jurisdictional facts as necessary to establish citizenship for purposes of 28 U.S.C. § 1332. Additionally, the Second Amended Complaint will include supplemental factual allegations concerning ongoing regulatory investigations relevant to the claims asserted herein, to the extent such information is appropriate for inclusion and does not compromise confidentiality or safety concerns.

If the Court does not grant leave to proceed under a pseudonym prior to the March 2, 2026 deadline, Plaintiff will file a Second Amended Complaint by that deadline without pseudonymous designation.

However, if the Court's ruling on the pseudonym request remains pending as of the current deadline, Plaintiff respectfully requests that she be permitted to file the appropriate amended pleading within seven (7) business days of the Court's ruling.

## III. PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM AND FOR LIMITED SEALING

Plaintiff respectfully moves for leave to proceed under the pseudonym "Jane Doe" and for limited sealing of identifying and sensitive information.

Plaintiff is currently proceeding under pseudonym in:

United States District Court

Central District of California

Western Division

Case No. 2:20-CV-10713-DDP-RAO**

That action arises under the Trafficking Victims Protection Reauthorization Act (TVPRA) and involves allegations concerning individuals publicly associated with the late Jeffrey Epstein, including matters involving Peter Nygård and/or co-conspirators.

Plaintiff is a cooperating witness and identified victim in the matter.

The related case is presently subject to a stay order and anonymity clause under the Department of Justice, pending federal investigation by the Southern District of New York.

Plaintiff's identity remains protected in that action pursuant to anonymity provisions, and a preliminary injunction was granted in connection with documented safety concerns and retaliation by Defendant(s).

Since filing the related action, Plaintiff has experienced documented threats, violence toward her and her immediate family, and other retaliatory conduct. These incidents have required Plaintiff to relocate multiple times for personal safety.

The preliminary injunction entered in the related matter was issued in part due to concerns regarding acts of violence, intimidation and retaliation.

As of late, Plaintiff has experienced renewed threats, which have been documented.
Public disclosure of Plaintiff's identity in this case would:

- Undermine anonymity protections in the related federal action;
- Increase risk of harassment or intimidation;
- Expose Plaintiff's and/or Plaintiff's family's current or prior residential and/or employment information during discovery proceedings (i.e. medical records, income reports and other relevant personal documents);
- Compromise ongoing investigative protections.

Plaintiff cannot consistently disclose her physical location due to safety considerations.

Under Ninth Circuit authority, including:
Does I thru XXIII v. Advanced Textile Corp., courts may permit pseudonymous litigation where identification would expose a party to retaliation, harassment, or severe harm.

Courts should balance:
1. Severity of threatened harm
2. Reasonableness of the fear
3. Vulnerability to retaliation
4. Prejudice to opposing parties

_____

A. <u>Plaintiff's Fear Is Concrete and Documented</u>

This is not speculative concern. Plaintiff's safety risks have previously warranted:
- Anonymity protection in parallel federal litigation
- Entry of a preliminary injunction
- Coordinated protective measures
- Multiple residential relocations

Public identification in this action would materially increase risk and undermine existing protections.

_____

### B. Sensitive Medical Information

This action also involves obstetric and medical records containing highly intimate details and statements Plaintiff alleges are inaccurate and stigmatizing. Public dissemination would:
- Cause reputational harm
- Invite misuse in parallel litigation
- Expose deeply private medical information

Courts routinely protect such material where safety concerns are present.

_____

### C. No Prejudice to Defendants

Plaintiff does not seek to conceal her identity from Defendants and will disclose identifying information under seal and subject to protective order.

The requested relief is narrowly tailored to protect safety while preserving Defendants' ability to litigate.

_____

### D. Request for Relief

Plaintiff respectfully requests that the Court:
1. Permit Plaintiff to proceed under pseudonym;
2. Allow filing of Plaintiff's true identity under seal;
3. Permit redaction of relevant addresses and/or other identifying details;
4. Permit limited sealing of sensitive medical exhibits.

## IV. DECLARATION

A. The related action in the Central District of California is presently subject to a stay order and anonymity protections coordinated with federal authorities.

B. A preliminary injunction was entered in that matter in connection with documented concerns regarding intimidation and retaliation.

C. Since initiating that action, I have experienced documented threats and retaliatory conduct, which have required me to relocate multiple times for safety.

D. More recently, I have experienced additional threats, which have been documented.

E. Public disclosure of my identity in this matter would materially increase my safety risk and undermine existing anonymity protections.

I declare under penalty of perjury that the foregoing is true and correct.

---

Respectfully submitted,

Dated: February 25, 2026
/s/ Keiko Kawamura
Keiko Kawamura
Plaintiff, Pro Se
3183 Wilshire Blvd.
Suite 196 Unit C21
Los Angeles, CA 90010
(213) 859-6190
KEIKSTF@GMAIL.COM