UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEIKO KAWAMURA,<br><br>                    Plaintiff,<br><br>          v.<br><br>MAMMOTH HOSPITAL, et al.,<br><br>                    Defendants. | Case No.  1:25-cv-00789-KES-EPG<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM, MOTION FOR EXTENSION OF TIME TO RESPOND TO THE SCREENING ORDER, AND MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>(ECF No. 22) |

## I.      INTRODUCTION

Plaintiff Keiko Kawamura is proceeding *pro se* in this civil action filed against Defendants Mammoth Hospital, Northern Inyo Healthcare District, and various individuals, with Plaintiff alleging causes of actions that generally stem from the medical care provided, or lack thereof, during the birth of her daughter, K.N.B., who is a minor. (*See* ECF No. 14).

This matter is now before the Court on Plaintiff's combined motions (1) for leave to proceed under a pseudonym in this case; (2) for an extension of the time to respond to the Court's screening order; and (3) for leave to file a second amended complaint. For the reasons explained below, the Court will deny each motion.

## II.      MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM

Plaintiff states that she wishes to file a second amended complaint and proceed under a pseudonym going forward. Plaintiff states that she "is currently proceeding under [a] pseudonym in" an unrelated Federal case that involves sensitive allegations. (ECF No. 22, p. 3). That case is

"subject to a stay order and anonymity clause under the Department of Justice, pending federal investigation by the Southern District of New York" and "Plaintiff's identity remains protected in that action pursuant to anonymity provisions, and a preliminary injunction was granted in connection with documented safety concerns and retaliation by Defendant(s)." (*Id.* at 3-4). Further, regarding the other Federal case, "Plaintiff has experienced documented threats, violence toward her and her immediate family, and other retaliatory conduct," which "have required Plaintiff to relocate multiple times for personal safety." (*Id.* at 4). Plaintiff asserts that disclosure of her identity in the instant case would undermine her anonymity protections in the other Federal case and generally subject her to risk of harassment, intimidation, and retaliation were her personal information disclosed here.

Additionally, Plaintiff alleges that her instant case involves medical records containing highly intimate details that could subject her to reputational harm, invite misuse in parallel litigation, and expose deeply private information. (*Id.* at 5). She requests that the Court permit limited sealing of sensitive medical exhibits.

"[M]any federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). The Ninth Circuit allows "parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id.* at 1067–68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). When pseudonymity would have limited effect in concealing the information to be protected, the interest of open judicial proceedings "outweighs the low value of pseudonymity." *United States v. Stoterau*, 524 F.3d 988, 1013 (9th Cir. 2008); *see Advanced Textile Corp.*, 214 F.3d at 1068 ("[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."). Whether to permit a party to proceed anonymously is within the Court's discretion. *Advanced Textile Corp.*, 214 F.3d at 1068.

> [Where] pseudonyms are used to shield the anonymous party from retaliation, the district court should determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the

2

anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation. The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice. Finally, the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities.

*Id.* at 1068–69 (internal citations omitted).

With these standards in mind, the Court will deny Plaintiff's motion to proceed under a pseudonym. Regarding the first three considerations—the severity of the threatened harm, the reasonableness of Plaintiff's fears, and Plaintiff's vulnerability to such retaliation—Plaintiff states that her participation in an unrelated federal case has resulted in threats against her. However, she does not provide any further detail regarding these threats. Nor does she submit any evidence in support of her allegations. Moreover, this case is unrelated to that federal case and does not concern the same sensitive allegations. Thus, the fact that a court in a separate case may have allowed her to proceed anonymously does not provide a basis to do so here.

Regarding prejudice, no Defendant has been served at this point, but Plaintiff indicates that she would disclose her identify to Defendants, so the Court concludes that this consideration is neutral.

Next, the Court notes that Plaintiff herself has already filed many documents in this case that include her name and personal information. (*See, e.g.*, ECF No. 14)[1] Plaintiff's decision to file these documents without attempting to redact or seal them casts doubt on the sincerity of her asserted safety concerns. Moreover, as a practical matter, granting Plaintiff's request would require the Court to review all of Plaintiff's filings in this case since it was filed on June 2025, redact the information that Plaintiff voluntarily disclosed in her own filings, and seal the originals of those filings. The Court declines to undertake this task given that Plaintiff herself has put this information on the public docket.

Finally, to the extent that Plaintiff seeks advanced permission to file her medical records in this case under seal, this request is denied. Rather, Plaintiff is directed to Local Rule 141, which explains how to obtain permission to file documents under seal.

---

[1] It is worth noting that, earlier in this case, Plaintiff also filed documents that included the full name of her minor child, in contravention of the Federal Rules of Civil Procedure, and the Court had to issue orders to correct those filings to maintain the confidentiality of the minor's identity. (*See* ECF Nos. 6, 15).

3

### III.   MOTION FOR EXTENSION OF TIME AND MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

On December 2, 2025, the Court screened Plaintiff's first amended complaint and gave her 30 days to file a notice to proceed on her cognizable claims, file a notice to stand on her first amended complaint, or to file a second amended complaint. (ECF No. 17). It has twice extended this deadline at Plaintiff's request. (ECF Nos. 19, 21). The latest order gave Plaintiff until March 2, 2026, to respond to the screening order, noting that, "as this is Plaintiff's second granted extension, any future extension request will be disfavored." (ECF No. 21).

With this background in mind, Plaintiff's request regarding an extension of time to respond to the screening order and for leave to file a second amended complaint states as follows:

> If the Court does not grant leave to proceed under a pseudonym prior to the March 2, 2026 deadline, Plaintiff will file a Second Amended Complaint by that deadline without pseudonymous designation.

> However, if the Court's ruling on the pseudonym request remains pending as of the current deadline, Plaintiff respectfully requests that she be permitted to file the appropriate amended pleading within seven (7) business days of the Court's ruling.

(ECF No. 22, p. 3).

Because the Court is denying Plaintiff's motion to proceed under a pseudonym, her request for extension of time and motion for leave to file a second amended complaint are denied as unnecessary.[2]

### IV.   ORDER

Accordingly, IT IS ORDERED as follows:

1. Plaintiff's combined motions (1) for leave to proceed under a pseudonym in this case; (2) for an extension of the time to respond to the Court's screening order; and (3) for leave to file a second amended complaint are DENIED.

\\\
\\\
\\\
\\\

---

[2] To the extent that Plaintiff simply asks for permission to file a second amended complaint, the Court already granted her permission in its screening order. (ECF No. 17).

4

2. Plaintiff's March 2, 2026 deadline to respond to the screening order remains in place. (ECF No. 21).  Failure to timely respond to the Court's screening order, or any order, may result in sanctions, including the dismissal of this case.

IT IS SO ORDERED.

Dated:    **February 25, 2026**            /s/ *Erica P. Grosjean*
                                    UNITED STATES MAGISTRATE JUDGE