UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KEIKO KAWAMURA,

Plaintiff,

v.

MAMMOTH HOSPITAL,

Defendant.

No. 1:25-cv-00789-KES-EPG

ORDER DIRECTING SERVICE BY THE UNITED STATES MARSHAL WITHOUT PREPAYMENT OF COSTS

Plaintiff Keiko Kawamura ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil action. (ECF Nos. 1, 2, 5). On March 13, 2026, the Court screened Plaintiff's second amended complaint and found that the only cognizable claims in this case are that Defendant Mammoth Hospital failed to screen Plaintiff under 42 U.S.C. § 1395dd(a) and failed to stabilize her under § 1395dd(b) in violation of the EMTALA and recommended that all other claims and defendants be dismissed without further leave to amend. (ECF No. 25). On August 7, 2026, District Judge Kirk E. Sherriff entered an order adopting the March 13, 2026, findings and recommendations. (ECF No. 28).

On August 17, 2026, the Court entered an Order finding service of the second amended complaint to be appropriate on Defendant Mammoth Hospital. (ECF No. 29). Plaintiff has since returned the service documents. (ECF No. 30). Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to forward the following documents to the U.S. Marshal:

    a. One completed and issued summons for each defendant to be served;

b. One completed USM−285 form for each defendant to be served;

c. One copy of the second amended complaint (ECF No. 24) for each defendant to be served, plus one copy for the United States Marshal; and

d. One copy of this order for each defendant to be served, plus one copy for the United States Marshal.

2. Within ten days from the date of this order, the United States Marshal is DIRECTED to notify the following Defendant of the commencement of this action and to request a waiver of service in accordance with the provisions of Federal Rule of Civil Procedure 4(d) and 28 U.S.C. § 566(c):

   a. **Mammoth Hospital.**

3. The United States Marshal Service is DIRECTED to retain the summons and a copy of the second amended complaint in its files for future use;

4. The United States Marshal Service shall file any returned waiver of service as well as any request for waiver of service that are returned as undelivered as soon as they are received;

5. If a waiver of service is not returned by the Defendant within sixty days of the date of mailing the request for waiver, the United States Marshal Service shall:

   a. Personally serve process and a copy of this Order on the Defendant pursuant to Federal Rule of Civil Procedure 4 and 28 U.S.C. § 566(c);

   b. Within ten days after personal service is effected, the United States Marshal Service shall file the return of service for the Defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said Defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and the operative complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2).

6. In the event that the Defendant makes an appearance in this action by filing an answer, dispositive motion, or other pleading, the United States Marshals Service need not personally serve the Defendant;
7. In the event that the Defendant either waives service or is personally served, the Defendant is required to respond to the Complaint.

IT IS SO ORDERED.

Dated: **September 15, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE